Eric SIGGERS, et al.,
Plaintiffs/Appellants,

v.

VICTORIA CROSSING CONDOMINI-
UM HOMEOWNERS ASSOCIATION
et al., Defendants/Respondents.

No. ED 82554.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 3, 2004.

Mark R. Harford, Kirkwood, MO, for appellant.

Scott C. Harper, Karen M. Speiser, Brinker & Doyen, LLP, Clayton, MO, for respondent.

Before GLENN A. NORTON, P.J. and KATHIANNE KNAUP CRANE, J. and MARY K. HOFF, J.

ORDER

PER CURIAM.

Eric Siggers, Kim Siggers, Binney Adams, Marilyn Adams, Marvin Ashley, Mary Ashley, Carl Henke, Judith Henke, Jim Huck, Diane Huck, MSR, Inc., Timothy Rohlman, Deborah Rohlman, Paul Rossi, Maria Rossi, William Mulder, and Amy Mulder[1] (Non–Resident Condominium Owners) appeal the trial court's dismissal with prejudice of their petition as time-barred. Non–Resident Condominium Owners are condominium unit owners and members of various condominium associations that merged into one entity previously known as The Village of Victoria Crossing Homeowners' Association and now known as the Victoria Crossing Condominium Homeowners Association (Association), which encompasses the condominium units known as Victoria Crossing Condominium. Non–Resident Condominium Owners sued the Association and members of its Executive Board[2] challenging certain provisions of the document reflecting the merger, as well as certain Rules and Regulations promulgated by the Executive Board. We affirm.

We have reviewed the briefs of the parties, the legal file and the record on appeal, and find the claims of error to be without merit. No error of law appears. An extended opinion reciting the detailed facts and restating the principles of law

1. Two other plaintiffs, Al Salour and Elsie Salour, dismissed their claims without prejudice on December 10, 2002.

2. The Association's Executive Board has the following members: Lula Alfano, Paul Ewald, Eve Steffen, Deborah Schartz, Pat Nadel, Tom Morelli, and Byron Hoch, each of whom were named as defendants in this lawsuit.

would have no precedential value. Judgment affirmed pursuant to Rule 84.16(b).